# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALTON SAPP, SR., <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | Civil Action No. _____ <br><br> (Removal from the Magistrate Court of Gwinnett County, Georgia, Case No. 24M00245) |

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA.

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by and through undersigned counsel, hereby removes this action from the Magistrate Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, Wells Fargo removes this action and in support of its Notice of Removal states the following:

I.      **BACKGROUND AND PROCEDURAL HISTORY**

1.      On January 3, 2024, Plaintiff Alton Sapp, Sr. ("Plaintiff") filed a Statement of Claim in the Magistrate Court of Gwinnett County, Georgia, Case Number 24M00245, captioned *Alton Sapp, Sr. v. Wells Fargo* (the "Magistrate Court Action").

2.      On January 9, 2024, Wells Fargo was served with the Statement of Claim. A true and correct copy of all process, pleadings, and orders of which Wells Fargo is aware from the Magistrate Court Action are attached to this Notice of Removal as **Exhibit "A"**.

3.      The district and division embracing the place where the action is pending is the United States District Court for the Northern District of Georgia, Atlanta Division. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 90(a)(2).

4.      This notice is timely filed within thirty (30) days after Plaintiff served Wells Fargo with the Summons and Complaint setting forth the claim for relief upon which the action is based. *See* 28 U.S.C. § 1446(b).

5.      In accordance with 28 U.S.C. § 1446(d), Wells Fargo will provide timely written notice of the removal to Plaintiff and will file a copy of the notice of removal in the Magistrate Court Action.

2

## II. GROUNDS FOR REMOVAL

6. Removal of this action to this Court is proper under federal question jurisdiction. 28 U.S.C. §§ 1331 and 1441(c).

### A. Federal Question

7. Removal to this Court is proper under the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

8. The Complaint gives rise to federal question jurisdiction because a civil action is removable if the plaintiff could have originally brought the action in federal court pursuant to the Court's original jurisdiction. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

9. Plaintiff's Statement of Claim makes allegations regarding his credit report. *See Statement of Claim*. at ¶ 2. Specifically, Plaintiff alleges that his "TransUnion credit profile" is being reported on improperly, alleges that he has sent "dispute letters to get this removed," and requests that Wells Fargo update his credit report. *Id* at ¶ 2.

10. Although the Complaint does not enumerate specific claims, Plaintiff clearly intends to assert a cause of action governed by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, as any state law claim based on the allegations in the Complaint are completely and expressly preempted under §§ 1681t(b)(1)(F)

3

and 1681h(e) of the FCRA. *See Johnson v. Citimortgage, Inc.*, 351 F.Supp.2d 1368, 1376 (N.D. Ga. 2004) ("The Court, therefore . . . holds that § 1681t(b)(1)(F) applies to state statutory law claims and 15 U.S.C. § 1681h(e) applies to state common law claims."); *see also Carlisle v. Nat'l Commer. Servs.,* 722 Fed. Appx. 864, 869 (11th Cir. 2018) (affirming lower court's holding that plaintiff's state statutory Georgia Fair Business Practices Act claims were preempted by federal law); *Ammons v. Synchrony Bank,* 2023 U.S. Dist. LEXIS 59189, at *3-4 (S.D. Ga. April 4, 2023) (finding the FCRA preempted plaintiff's defamation claim) ("As such, Defendant's conduct in reporting and/or validating negative information on Plaintiff's credit report clearly falls under the FCRA preemption provision set forth in § 1681t(b)(1)(F)"); *Blackburn v. BAC Home Loan Serv., LP.* Case No. 4:11-cv-39 (CDL), 2012 U.S. Dist. LEXIS 130905 at 17-19 (M.D. Ga. Sept. 13, 2012) (finding that claims based on allegations that the defendant reported inaccurate information to credit bureaus arose from conduct regulated by Section 1681s-2 and were preempted by the FCRA).

11. As such, this Court has original jurisdiction over Plaintiff's claims related to alleged credit reporting violations. *Lewis v. Ally Fin. Inc.*, No. 1:21-CV-3839-SCJ-JCF, 2022 U.S. Dist. LEXIS 80081 at *19 (N.D. Ga. Feb. 9, 2022) ("The Court has original federal jurisdiction over Plaintiffs' FCRA . . . claims, as they arise under federal statutes.").

12. Even if Plaintiff attempts to characterize his claim as arising under state law, the "artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 925 (1998). Here, Plaintiff's claims relate to Wells Fargo's reporting made with the credit bureaus. But any state law claim "relating to the responsibilities of persons who furnish information to consumer reporting agencies" is completely and explicitly preempted by section 1681t(b)(1)(F) of the FCRA. 15 U.S.C. § 1681t(b)(1)(F); *see also Ammons*, 2023 U.S. Dist. LEXIS 59189, at *3-4.

### III. PROCEDURAL REQUIREMENTS

13. Wells Fargo files this Notice of Removal within one (1) year of the date of the commencement of the action for removal purposes. Accordingly, the action is timely removed pursuant to 28 U.S.C. § 1446(c)(1).

14. Wells Fargo also files this Notice of Removal within thirty (30) days of service of the Complaint. Therefore, this Notice of Removal is timely filed within the time prescribed by 28 U.S.C. § 1446(b)(1).

15. This action is properly removed to this Court, as the Magistrate Court Action is pending within this district and division. 28 U.S.C. § 1441.

16. Wells Fargo is the only defendant in this case. Thus, all defendants to the claims over which this Court has original jurisdiction under 28 U.S.C. § 1331 have joined in or consented to the removal of the Magistrate Court Action.

17. In accordance with 28 U.S.C. § 1446(d), Wells Fargo will provide timely written notice of the removal to Plaintiff and will file a copy of the notice of removal in the Magistrate Court Action. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit "B"**.

### IV.   RESERVATION OF RIGHTS

18. Wells Fargo does not concede in any way that the allegations in the Statement of Claim are properly raised, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

19. Wells Fargo reserves the right to amend or supplement this Notice of Removal.

20. If any questions arise as to the proprietary of the removal of the action, Wells Fargo requests the opportunity to present a brief and argument in support of their position that this case is removable.

WHEREFORE, Defendant Wells Fargo Bank, N.A. hereby removes this action to this Court and seeks all other relief this Court deems equitable and just.

Respectfully submitted, this 8th day of February, 2024.

TROUTMAN PEPPER HAMILTON
SANDERS LLP

*/s/Christine R. Emello*
Christine R. Emello
Georgia Bar No. 15198

3000 Bank of America Plaza
600 Peachtree Street NE, Suite 3000
Atlanta, GA  30308-2216
Telephone: (404) 885-3000
Facsimile: (404) 885-3900
Email:  christine.emello@troutman.com

*Counsel for Defendant*
*Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 8, 2024, a true and correct copy of the foregoing document was filed to the Court's CM/ECF e-filing portal which will provide automatic service via e-mail to all parties and counsel of record maintained by the Court in this case.

I FURTHER CERTIFY that a true and correct copy of the foregoing document was sent to Plaintiff, Alton Sapp, Sr., via U.S. Mail at the following address: 2217 Winston Way, Augusta, Georgia 30906.

*/s/ Christine R. Emello*
Christine R. Emello
Georgia Bar No. 15198
*Attorney for Wells Fargo Bank, N.A.*